## Ira W. DeMoss v. W. H. Thomas.

### Gen. No. 4,436.

1. ERRORS—*when cannot be considered.* Where the abstract does not show the matters upon which the alleged errors are based, they will not be considered by the court on review.

2. AMENDMENT—*what, authorized by statute.* An amendment con-sisting in changing the cause of action upon the trial, is within the powers granted by statute.

3. AMENDMENT—*when party cannot complain of.* A party cannot complain of an amendment made upon the trial of a cause unless at the time he claimed surprise and moved for continuance.

4. TITLE — *when no estoppel to deny, arises.* The true owner of property is not estopped to deny the paper title of another to personal property unless such true owner by some act or conduct of his has in-duced the holder of such paper title to act to his prejudice.

Action of assumpsit. Appeal from the Circuit Court of Henry County; the Hon. EMERY C. GRAVES, Judge, presiding. Heard in this court at the October term, 1904. Affirmed. Opinion filed March 8, 1905.

J. B. OAKLEAF and J. V. STREED, for appellant.

CHESTER M. TURNER and NELS F. ANDERSON, for appellee.

MR. PRESIDING JUSTICE FARMER delivered the opinion of the court.

W. M. Wirt, under the name of the Alpha Nursery Co., owned and conducted a nursery at Alpha, Illinois, for the sale of fruit trees. On the 14th of July, 1902, a written contract was entered into between him and appellee, in which Wirt agreed to sell appellee nursery stock at prices quoted, and deliver the same, " heeled " in trenches at the nursery during the fall of 1902. Appellee was engaged in the business of soliciting orders and selling the stock to customers desiring it. The contract provided three ways for appellee to pay for the stock, viz: first, cash; second, bankable notes on thirty days' time; or third, Wirt could collect the amount due him from appellee's customers. Wirt was to retain control over the stock and its delivery to appellee's customers to secure him. By the terms of the contract the stock was delivered to appellee at the nursery, but it was provided that in case he did not come there to attend himself to shipping it, Wirt should attend to it and charge the cost and expense to appellee, and collect this with the price of the stock. We deem it unnecessary to go into details of all the sales of stock made under the contract referred to, as only the proceeds of one sale are really involved in the case. This sale was made for delivery to customers in the vicinity of Clinton, Iowa. By the terms of the contract between the parties appellee was to report to Wirt every two weeks the amount and variety of stock sold. The stock sold in the neighborhood of Clinton, Iowa, was shipped by Wirt to the City National Bank of Clinton, with instructions to the bank to deliver it to the purchasers, collect and remit the proceeds. This the bank did. The amount remitted was $55.05, and it was remitted to the Alpha Nursery Co. At the time the remittance was made and received appellee had paid for all stock bought, and was not indebted to the Nursery Co. The remittance was made

May 13, 1903.   On May 12th Wirt sold his nursery to appellant, who was his father-in-law.   The sale included also the unsettled accounts due Wirt, and he wrote and signed on the first page of his ledger an assignment of all the accounts therein due him, to appellee, with authority to collect the same.   When the stock was shipped to Clinton, Iowa, it was charged to the bank, and the ledger at the time of the purchase by appellant showed an account against the City National Bank.   The remittance from the bank was received by appellant about the 14th or 15th of May, the bank credited with it, and the proceeds appropriated by appellant.   Wirt was killed May 19th, and a few days thereafter appellee visited the nursery for the purpose of having a settlement.   Mr. Sexton, who was Wirt's bookkeeper, testified there was due appellee more than the amount of $55.05.   Appellant refused to pay him, or to turn over to him the proceeds of the Clinton shipment, and this suit was brought before a justice of the peace against appellant, Alpha Nursery Co., and Blanche A. Wirt, who was the widow of W. M. Wirt.   Appellant being a non-resident, an attachment was sued out as to him.   A judgment was there rendered in favor of the plaintiff, and defendants appealed to the Circuit Court, where, after Blanche A. Wirt had been dismissed from the case, as a party defendant, plaintiff had a verdict and judgment for $55.05, from which appellant prosecutes this appeal.

It is first complained that the court erred in allowing appellee to amend and change the cause of action from a suit to recover for labor, to an action for money had and received; and it is said this was allowed "in the face of the opening statement made by counsel for appellee," that the suit was for labor.   The abstract contains nothing more than an index purporting to show on what pages of the record the papers amended will be found.   The papers themselves are not abstracted, nor any ruling of the court with reference thereto shown, nor is the opening statement of counsel for appellee, or any ruling of the court thereon, set out in the abstract.   It is too well understood to re-

quire the citation of authority that we are not required
to search the record for alleged errors that should be
made to appear in the abstract. Especially can we not
be expected to do so for the purpose of finding reasons to
reverse a judgment, that on the merits appear to be just
and right. Besides, the amendments complained of were
authorized by statute and repeated decisions. If appellant
had been taken by surprise he should have asked for a con-
tinuance. It is also contended that appellee was an in-
nocent purchaser of the account in good faith, and that
appellee having permitted Wirt to conduct the business
between them in the manner he did, and charge the ac-
count against the bank on his books, was, in effect, trust-
ing Wirt with apparent authority to sell a purchaser in
good faith, and that appellee is therefore estopped to deny
appellant's title. It does not appear that appellee had ever
seen Wirt's books, or had any knowledge of his method of
keeping them. He certainly, therefore, could never have
consented to or acquiesced therein; nor was appellant in-
fluenced in making the purchase, so far as the record
shows, by any act or conduct of appellee. The stock
when delivered " heeled " in, became the property of ap-
pellee, subject to a lien in Wirt to secure the purchase price.
When he had received all that was due him, he could not
without appellee's knowledge and acquiescence, by charg-
ing the account against some one else, sell it and confer
title to the purchaser. Before appellee could be estopped
to deny appellant's title, it must be made to appear that
some act or conduct of his had induced appellee to act to
his prejudice. Richolson v. Moloney, 195 Ill. 575. The
evidence shows clearly that the $55.05 did not belong to
Wirt, but was the property of appellee, and having been
appropriated by appellant, the verdict and judgment in
favor of appellee in that sum were right and proper. We
find no substantial error in the instructions, and the judg-
ment is therefore affirmed.

_Affirmed._